REILLY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. VERDICT—WEIGHT OF EVIDENCE.
    Where plaintiff's case rested on his own uncorroborated testimony, containing contradictory statements on material points, and defendant showed by testimony of disinterested witnesses a state of facts which, if true,

made a recovery for plaintiff improper, and the probabilities favored defendant's theory, a verdict for plaintiff was against the weight of the evidence.

Appeal from City Court of New York, Trial Term.

Action by William Reilly against the Interurban Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.

Shaw, Fisk & Shaw, for respondent.

FREEDMAN, P. J. Plaintiff's case rests upon his own uncorroborated testimony, and, in the course of that, the plaintiff made highly contradictory statements upon the material points of the case. The defendant showed by the testimony of several disinterested witnesses, as well as by the testimony of the conductor and the motorman, a state of facts which, if true, makes a recovery for the plaintiff impossible. The probabilities also favor the theory of the defense. The verdict is against the clear weight of the evidence, and, in the interest of justice, there should be a new trial.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

BLANCHARD, J., concurs.

SCOTT, J. (concurring). In addition to the sufficient reason for reversing this judgment in the prevailing opinion, I think that at least one reversible error was committed in the rulings upon the admission of evidence. The attorney for the plaintiff offered himself as a witness to prove matters which he deemed to be necessary to prove. He was asked whether or not he had taken the case upon a contingent fee. The court repeatedly sustained the objection to these questions. This was clearly error. It is a matter of common knowledge that many actions of this character are brought under what are known as "contingent retainers," wherein the attorney's compensation depends wholly upon his success in recovering a judgment. In such case he is clearly an interested witness, and the jury are entitled to know the fact and extent of his interest in the verdict they are asked to render. Such knowledge has a direct bearing upon the weight to be given to the testimony. Every other witness is subject to inquiry as to his interest in the outcome of the case, and I know of no reason which should exclude an attorney from the operation of the general rule. The testimony given by the attorney in the present case was perhaps not very important, but it was, in his estimation, of sufficient importance to lead him to be sworn as a witness —a course to which most attorneys resort with reluctance, and only when their client's interests seem to imperatively require that they should do so.